ON REHEARING
TAYLOR, Judge.
The appellant has employed a new appellate counsel and moved for rehearing. The issue presented is whether or not the court should have granted a motion for mistrial made by the appellant’s counsel at trial. A juror made known to the court, after the selection of the jury, but before the trial began, that he knew the police chief of Enterprise. In response to voir dire questions, according to the record, he appears to have said that he knew something of Mrs. Horde’s background as a matter of hearsay. However, he responded during voir dire that he felt he could do his best to follow the law and decide what the facts were and make a just decision based upon that. The juror verified this at the time that he stated he was acquainted with the police chief. The motion for mistrial was met by the court as follows:
“THE COURT: The gentleman has said he doesn’t know a thing about the facts of this particular case. In every criminal case based upon the press and the reports, everyone has got some knowledge about most trials that take place. That doesn’t mean that this man can’t render a fair and honest decision based upon his own personal opinion and belief from the witness stand what the evidence is. So, motion for mistrial denied.”
The record speaks for itself. There is no factual basis on which to ground a motion for mistrial and the court did not err in denying it.
OPINION EXTENDED:
APPLICATION FOR REHEARING OVERRULED.
All the Judges concur.